## IN THE UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **DONNA HARRELL and MACK HARRELL,** | * | |
| | * | |
| **PLAINTIFFS,** | * | |
| | * | |
| **v.** | * | **CASE NO.    CV-06-849** |
| | * | |
| **MERCK & CO., INC., a foreign Corporation;** | * | **Removed from Circuit Court** |
| **ANNE BRANDON Individual; MARK M.** | * | **of Houston County, AL** |
| **SANDERS, an Individual; TONYA M.** | * | **CV 06-502H** |
| **LOCKLIN, an Individual; JOE D. READ, an** | * | |
| **Individual; THEODORE R. BOWSER, II, an** | * | |
| **Individual; ERIC RALPH PAYNE, an** | * | |
| **Individual; and fictitious defendants A, B,** | * | |
| **C & D, being those persons, firms or** | * | |
| **corporations whose fraud, scheme to** | * | |
| **defraud, and/or other wrongful conduct** | * | |
| **caused or contributed to the Plaintiff's** | * | |
| **injuries and damages, and whose true** | * | |
| **names and identities are presently** | * | |
| **unknown To Plaintiff, but will be** | * | |
| **substituted by Amendment when** | * | |
| **ascertained.** | * | |
| | * | |
| **DEFENDANTS.** | * | |

## MOTION BY DEFENDANT MERCK & CO., INC. TO STAY ALL PROCEEDINGS PENDING TRANSFER DECISION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### INTRODUCTION

Defendant Merck & Co., Inc. ("Merck") moves this Court to stay all proceedings

in this action pending its likely transfer to *In re VIOXX Prods. Liab. Litig.* MDL No.

1657, the multidistrict litigation ("MDL") proceeding that has been established in the

Eastern District of Louisiana to coordinate all product liability cases involving Vioxx®

(the "Vioxx product liability actions"). *In re VIOXX Prods. Liab. Litig.*, 360 F. Supp. 2d 1352 (J.P.M.L. 2005).

Merck will shortly provide notice to the Judicial Panel on Multidistrict Litigation (the "MDL Panel" or "Panel") pursuant to Rule 7.5 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation ("R.P.J.P.M.L.") of the pendency of this "tag-along" action. Merck expects a conditional transfer order to be issued shortly thereafter.

## BACKGROUND

### A.    MDL-1657

On February 16, 2005, the Judicial Panel on Multidistrict Litigation (the "MDL Panel" or "Panel") issued a transfer order establishing MDL Proceeding No. 1657, titled, *In re VIOXX Products Liability Litigation.* The Transfer Order directed that the 148 cases that were the subject of the original motions for coordinated treatment pursuant to 28 U.S.C. § 1407 be transferred for coordinated pretrial proceedings in the U.S. District Court for the Eastern District of Louisiana, before the Honorable Eldon E. Fallon. *In Re VIOXX Products Liability Litigation*, 360 F. Supp. 2d at 1352. In the Transfer Order, the Panel held:

> On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Eastern District of Louisiana will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions focus on the alleged increased health risks (including heart attack and/or stroke) when taking Vioxx, an anti-inflammatory drug, and whether Merck knew of these increased risks and failed to disclose them to the medical community and consumers. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, avoid inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

360 F. Supp. 2d at 1353-54. The MDL Panel also held that the "nearly 300 potentially related actions [then] pending in multiple federal districts . . . will be treated as potential tag-along actions."  360 F. Supp. 2d at 1353 n. 1.

There is currently a process in place for effecting the transfer to Judge Fallon's court of related Vioxx product liability actions quickly and efficiently.  Merck's counsel, in a written submission known as a "tag-along letter," notifies the Panel twice a week of newly-filed related actions and developments in actions still under Panel consideration. The Panel has been issuing conditional transfer orders transferring actions to Judge Fallon's court based on the information contained in these tag-along letters.  Since the first Transfer Order was issued on February 16, 2005, more than 2,500 cases have been transferred to or filed directly in the MDL proceedings

**B.    The Instant Action**

On or about August 17, 2006, Plaintiff commenced this action against Merck by filing a Complaint in the Circuit Court of Houston County bearing Case Number 06-502H.  On or about August 25, 2006, the first defendant was served with a copy of Plaintiff's Complaint.  On September 22, 2006, Merck removed the action to this Court based on diversity jurisdiction under 28 U.S.C. § 1332.  There is no dispute that this case involves the same factual inquiries that the Panel notes were present in the Vioxx cases generally, thereby warranting coordinated pre-trial proceedings in the Eastern District of Louisiana.  Specifically, it is clear from the face of the Complaint that this case, like the other Vioxx cases, focuses on the alleged increased health risks (including heart attack and stroke) when taking Vioxx, an anti-inflammatory drug, and whether Merck knew of these increased risks and failed to disclose them to the medical community and

consumers.    For example, Plaintiff alleges that "The Individual Resident Defendants conspired with Defendant Merck to conceal material information about the drug Vioxx and to deceive physicians and the consuming public about the dangers of the drug Vioxx, specifically the cardiovascular risks associated with the drug." (Compl., ¶ 46).

Merck will shortly provide notice to the MDL Panel of this related action.  Merck expects a conditional transfer order to be issued by the MDL Panel in this action within the next few weeks.  Once the conditional transfer order is issued, Plaintiff has fifteen days to object to transfer in accordance with R.P.J.P.M.L. 7.4(c).[1] Assuming that Plaintiff does not object to the transfer order within this fifteen-day period, the transfer order will be filed in Judge Fallon's court shortly thereafter and jurisdiction over the case will be transferred to Judge Fallon's Court.

## ARGUMENT

The Court should exercise its discretion to stay all further proceedings in this action pending its likely transfer to MDL-1657.  The authority of a federal court to stay proceedings is well-established.  *Landis v. North American Co.,* 299 U.S. 248, 254 (1936) ("the power to stay

---

[1]    In the event Plaintiff(s) chooses to object to transfer to MDL-1657, there is a separate procedure for filing objections to the transfer with the MDL Panel.  The issue of whether the case should be transferred would be set for the next available Panel hearing session.  Given the overlapping factual issues this case appears to have with those already in the MDL proceedings, any opposition would almost certainly be futile.  In fact, to date, the Panel has rejected each and every motion to vacate a conditional transfer order that it has taken under consideration.  The Panel, in three separate Transfer Orders since the inception of MDL-1657, has considered and rejected a wide range of arguments made by plaintiffs who opposed Conditional Transfer Orders No. 1, 2, 5, 6, 8 and 9 and rejected them all.  (*See* June 20, 2005 Transfer Order (attached hereto as **Exhibit A**)) (rejecting the arguments of plaintiffs who opposed Conditional Transfer Orders No. 1 and 2); (August 11, 2005 Transfer Order (attached hereto as **Exhibit B**)) (rejecting the arguments of plaintiffs who opposed Conditional Transfer Orders No. 5, 6, and 9); (September 13, 2005 Transfer Order (attached hereto as **Exhibit C**)) (rejecting the argument of plaintiff who opposed Conditional Transfer Order No. 8); (October 21, 2005 Transfer Order (attached hereto as **Exhibit D**) (rejecting the arguments of plaintiffs who opposed Conditional Transfer Orders 11, 14, 15, 17 and 19); December 2, 2005 Transfer Order (attached hereto as **Exhibit E**) (rejecting the arguments of plaintiffs who opposed Conditional Transfer Orders No. 19, 20, 21, 22, and 23).

proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *accord Denny v. Merck & Co., Inc.*, No. 04 Civ. 0526, slip op. (S.D. Tex. Dec. 6, 2004) ("[t]he power to stay all proceedings is well established."). Courts analyze three factors when determining whether to issue a stay of proceedings pending the MDL Panel's decision on transfer, namely: (1) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact coordinated; (2) hardship and inequity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party. *Rivers v. The Walt Disney Co.,* 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).

Federal courts throughout the country with pending Vioxx product liability actions have analyzed the above-referenced factors in determining whether a stay of proceedings pending the MDL Panel's decision as to transfer is appropriate. To date, an overwhelming majority of these courts have issued stays. *See, e.g., Hatch v. Merck & Co., Inc.,* No. 05 Civ. 1252, 2005 WL 2436716, at *2 (W.D. Tenn. Oct. 3, 2005) (granting Merck's stay holding that " having the . . . issues decided in one proceeding will promote judicial economy and conserve judicial resources"); *see also Euell v. Merck & Co., Inc.*, 05 Civ. 1497, 2005 WL 2348487, at * 1 (E.D. Mo. Sept. 26, 2005) ("The Court finds Defendant Merck's judicial economy argument persuasive and concludes that . . . Merck's Motion will be granted."); *Falick v. Merck & Co., Inc.*, No. 04 Civ. 3006, (E.D. La. Jan. 3, 2005), slip. op. at 2 ("Considering the multitude of cases currently stayed due to the pending MDL coordination, the Court finds that staying proceedings will serve the interests of judicial economy."); *Gaffney v. Merck & Co., Inc,*, No. 05 Civ. 1183, 2005 WL 1700772, at *1 (W.D. Tenn. July 19, 2005) (same); *Walker v. Merck & Co., Inc.*, 05 Civ. 360, 2005 WL 1565839, at *2 (S.D. Ill. June 22, 2005) (same). Judges of this district and

state have granted stays in numerous other Vioxx cases.  See, e. g., *Cassel v. Merck & Co., Inc.,* No. 05-CV-626-D (S. D. Ala., November 17, 2005); *Hadley v. Merck & Co., Inc.,* No. 1:05-CV-469 (S. D. Ala., August 23, 2005); *James v. Merck & Co., Inc.,*  No. 3:05-CV-366 (M. D. Ala., June 3, 2005; *King v. Merck & Co., Inc.,* No. 2:05-CV-165 (M. D. Ala. April 26, 2005); *Stevens v. Merck & Co., Inc.,* No. 2:05-CV-138 (M. D. Ala. February 26, 2005).

## I.    JUDICIAL ECONOMY MANDATES A STAY.

Granting a stay of proceedings here will promote judicial economy.  The purpose of multidistrict litigation is to coordinate the pretrial management of actions sharing common facts in a just and efficient manner.  *See* 28 U.S.C. 1407(a).  Where, as here, the MDL Panel has already coordinated Vioxx product liability actions before Judge Fallon in the Eastern District of Louisiana, there is no question that a stay of these proceedings will promote judicial economy. *See Euell*, 2005 WL 2348487, at * 1 ("This case involves the same factual inquiries that are present in the other hundreds of VIOXX cases . . . the Court . . . concludes that judicial economy weighs in favor of granting the requested stay."); *see also Mathern v. Wyeth*, No. 04 Civ. 2116, 2004 WL 1922028, at *1 (E.D. La. August 25, 2004); *Knearem v. Bayer Corp.*, 02 Civ. 2096, 2002 WL 1173551, at *1 (D. Kan. May 7, 2002).

It is well settled that a district court is best served not expending resources "familiarizing itself with the intricacies of an action that will be coordinated for pretrial management before a transferee judge."  *Rivers,* 980 F. Supp. at 1360 (C.D. Cal. 1997); *see also Gorea v. Gillette Co.*, No. 05 Civ. 2425, 2005 WL 2373440, at * 1 (W.D. Tenn. Sept. 26, 2005) ("a stay is warranted in this case . . . the court would have to use judicial resources in making rulings . . . in a case over which it might ultimately lose jurisdiction.").  Granting a stay of this action pending its inevitable transfer to MDL-1657 will conserve the resources of this court and prevent duplicative

discovery and pretrial management efforts.  *See Rivers,* 980 F. Supp. at 1360  ("any efforts on behalf of this Court concerning case management will most likely have to be replicated by the judge assigned to handle the consolidated litigation."); *see also*, *U.S. Bank, Nat'l Ass'n v. Royal Indem. Co.*, No. 02 Civ. 853, 2002 WL 31114069, at * 2 (N.D. Tex. Sept. 23, 2002) ("if the MDL motion is granted, all of the Court's time, energy, and acquired knowledge regarding the action and its pretrial procedures will be wasted.").

## II.    **MERCK WILL BE PREJUDICED ABSENT A STAY.**

The prejudice to Merck absent a stay far outweighs any perceived or potential prejudice to Plaintiff(s) if a stay is granted.  *See American Seafood, Inc. v. Magnolia Processing*, Nos. 92 Civ. 1030, 92 Civ. 1086, 1992 WL 102762, at * 2 (E. D. Pa. May 7, 1992) ("The duplicative motion practice and discovery proceedings demonstrate that . . . prejudice to the defendants weigh heavily in favor of a stay.").   There are currently over 2,500 Vioxx actions being coordinated in MDL-1657.  If individual district courts allowed cases to proceed in the short window between the time cases were filed in or removed to individual federal district courts and they were transferred to Judge Fallon, Merck would face death by a thousand cuts.  Plaintiffs would be free to pursue a strategy of aggressively litigating, and getting discovery in, hundreds of individual cases for the period of weeks it takes for cases that inarguably meet the §1407 transfer standard to be transferred to Judge Fallon's court.  Judge Fallon has established detailed protocols to manage the litigation through the disposition motion phase.  Merck should not be forced to engage in unnecessary and duplicative discovery and motion practice.  *See Wilbanks v. Merck & Co., Inc.*, No. 05-Civ. 1241, 2005 WL  2234071, at * 1 (W.D. Tenn. Sept 13, 2005) (granting a stay holding that "in the absence of a stay, the risk to Merck of duplicative motions and discovery is significant."); *see also Gorea*, 2005 WL 2372440, at * 1  ("whereas without a

stay [pending transfer to the MDL court], the burden on Gillette of having to . . . engage in limited discovery . . . would be significant.").

The potential prejudice to Plaintiff(s) if the action is stayed is non-existent. Plaintiff(s) has expended limited resources to date; this action is still in its infancy and discovery has not yet begun. Whatever limited discovery could take place in the next several weeks will be wholly subsumed and superseded by the discovery that will take place in the MDL. Thus, Plaintiff(s) will not suffer prejudice as a result of a stay.

## **CONCLUSION**

For the foregoing reasons, Merck respectfully requests that this Court grant its motion to stay all proceedings in this case pending transfer to the MDL proceeding that has been established in the Eastern District of Louisiana.

/s/ Alan T. Hargrove, Jr.
One of the Attorneys for Defendant,
Merck & Co., Inc.

OF COUNSEL:
Robert C. "Mike" Brock
F. Chadwick Morriss
Alan T. Hargrove, Jr.
RUSHTON, STAKELY, JOHNSTON, & GARRETT, P.A.
Post Office Box 270
Montgomery, Alabama 36101-0270
Telephone:  (334) 206-3100
Facsimile: (334) 262-6277

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed and served through CMECF a copy of the foregoing upon:

> Andy D. Birchfield, Jr., Esquire
> J. Paul Sizemore, Esquire
> Benjamin L. Lockler, Esquire
> BEASLEY, ALLEN, CROW,
> METHVIN, PORTIS & MILES, P. C.
> Montgomery, Alabama 36103-4160

on this the 10th day of October, 2006.

**/s/ Alan T. Hargrove, Jr.**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 2 0 2005

FILED
CLERK'S OFFICE

*DOCKET NO. 1657*

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE VIOXX PRODUCTS LIABILITY LITIGATION

## BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,* ROBERT L. MILLER, JR., KATHRYN H. VRATIL* AND DAVID R. HANSEN, JUDGES OF THE PANEL

### TRANSFER ORDER

Presently before the Panel are motions, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiffs in the 34 actions listed on Schedule A to vacate the Panel's orders conditionally transferring the actions to the Eastern District of Louisiana for inclusion in the Section 1407 proceedings occurring there in this docket. Merck & Co., Inc., opposes the motions and favors inclusion of these actions in the centralized pretrial proceedings.

On the basis of the papers filed and hearing session held, the Panel finds that these actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Louisiana, and that transfer of the actions to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Any pending motions to remand to state court can be presented to and decided by the transferee judge. *See, e.g., In re Ivy*, 901 F.2d 7 (2d Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001). The Panel further finds that transfer of these actions is appropriate for the reasons expressed in the original order directing centralization in this docket. In that order, the Panel held that the Eastern District of Louisiana was a proper Section 1407 forum for actions involving claims of liability for allegedly adverse effects arising from the ingestion of Vioxx. *See In re Vioxx Products Liability Litigation*, 360 F.Supp.2d 1352 (J.P.M.L. 2005).

To the Kentucky plaintiff who argues that she does not have the resources to litigate this matter in the Eastern District of Louisiana, we emphasize that since Section 1407 transfer is for pretrial proceedings, there is usually no need for the parties and witnesses to travel to the transferee district for depositions or otherwise. *See, e.g.*, Fed.R.Civ.P. 45(c)(3)(A). Furthermore, the judicious use of liaison counsel, lead counsel and steering committees will eliminate the need for most counsel ever to travel to the transferee district. And it is logical to assume that prudent counsel will combine their forces and

---

* Judges Motz and Vratil took no part in the decision of this matter.

Exhibit A

- 2 -

apportion their workload in order to streamline the efforts of the parties and witnesses, their counsel and the judiciary. This streamlining combined with the uniform case management approach already instituted by the transferee judge will foreseeably lead to an overall savings in transaction costs. *See In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415, 422 (J.P.M.L. 1991).

To the Pennsylvania plaintiff who asserts that her action presents unique additional claims or factual questions rendering inclusion of the action in MDL-1657 unnecessary or inadvisable, and the Texas plaintiffs who argue against inclusion of their action in MDL-1657 because of the advanced stage of proceedings in this action, we believe that further refinement of the issues and close scrutiny by the transferee judge provide the better course. Whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are transferred to the Eastern District of Louisiana and, with the consent of that court, assigned to the Honorable Eldon E. Fallon for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

IT IS FURTHER ORDERED that Panel Rule 1.6(a), R.P.J.P.M.L., 199 F.R.D. at 428, regarding transfer of files is suspended for this docket.[1]

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

---

[1] This Panel rule requires clerks of transferor district courts to forward to the clerk of the transferee district court the complete original file and docket sheet for each transferred action. Because of the voluminous files in this docket, we are suspending this rule. Instead, we will rely on the judgment of the transferee judge to request from the transferor district clerks or the parties whatever case files and docket sheets he needs.

Exhibit A

# SCHEDULE A

<u>MDL-1657 -- In re Vioxx Products Liability Litigation</u>

### Middle District of Alabama

*Yolanda King v. Merck & Co., Inc., et al.*, C.A. No. 2:05-165

### District of Arizona

*Wayne Young v. Merck & Co., Inc.*, C.A. No. 2:05-307

### Middle District of Florida

*Amparo Alvarez v. Merck & Co., Inc., et al.*, C.A. No. 6:05-171
*Nelson Oquendo, et al. v. Merck & Co., Inc., et al.*, C.A. No. 6:05-172
*Gloria Hernandez v. Merck & Co., Inc., et al.*, C.A. No. 6:05-221
*Dallas Childers, et al. v. Merck & Co., Inc., et al.*, C.A. No. 6:05-222
*Maria Diaz, et al. v. Merck & Co., Inc., et al.*, C.A. No. 6:05-239
*Brenda Jurado v. Merck & Co., Inc., et al.*, C.A. No. 8:05-224
*Felix Carvajal, et al. v. Merck & Co., Inc., et al.*, C.A. No. 8:05-276

### Northern District of Illinois

*Kathleen Brown, etc. v. Merck & Co., Inc., et al.*, C.A. No. 1:05-1092

### Southern District of Illinois

*Gerald Sumner, et al. v. Merck & Co., Inc.*, C.A. No. 3:04-864
*Ida Akins v. Merck & Co., Inc., et al.*, C.A. No. 3:05-39

### Eastern District of Kentucky

*Jacquelyn Washburn, etc. v. Merck & Co., Inc.*, C.A. No. 5:05-47

Exhibit A

- A2 -

<u>Eastern District of Missouri</u>

*Theresa Tuma, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-83
*Celestine Dale, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-84
*Debra Raymo, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-85
*Vernon Andrews, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-86
*Carol Thomas, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-87
*Sammy L. Underwood, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-88
*Arline Anderson, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-89
*Edna McGhee, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-90
*Regina Menderski, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-92
*Mary Stewart, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-93
*Gloria Singleton, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-94
*Kenneth Britton, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-96
*James Cerutti, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-97
*Arthur Hale, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-300
*Marlene Harris, et al. v. Merck & Co., Inc., et al*, C.A. No. 4:05-301
*Sineria Jones, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-303
*Lois Wolz, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-307

<u>Northern District of New York</u>

*Richard F. Core, et al. v. Merck & Co., Inc., et al.*, C.A. No. 5:04-1367

<u>Northern District of Oklahoma</u>

*Tommy Lee v. Merck & Co., Inc.*, C.A. No. 4:04-930

<u>Western District of Pennsylvania</u>

*Judith E. Orie, M.D. v. Merck & Co, Inc.*, C.A. No. 2:04-1886

<u>Southern District of Texas</u>

*Felicia Garza, et al. v. Merck & Co., Inc., et al.*, C.A. No. 7:05-17

Exhibit A

A CERTIFIED TRUE COPY

AUG 1 1 2005

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 AUG 15  AM 11: 56

LORETTA G. WHYTE
CLERK

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATI

AUG 1 1 2005

FILED
CLERK'S OFFICE

6516615

Aug 18 2005
12:55PM

*DOCKET NO. 1657*

*MDL 1657*

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE VIOXX PRODUCTS LIABILITY LITIGATION

### BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,* ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL

### TRANSFER ORDER

Presently before the Panel are motions, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiffs in the 30 actions listed on Schedule A to vacate the Panel's orders conditionally transferring the actions to the Eastern District of Louisiana for inclusion in the Section 1407 proceedings occurring there in this docket. Merck & Co., Inc., favors inclusion of these actions in MDL-1657 proceedings.

On the basis of the papers filed and hearing session held, the Panel finds that these actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Louisiana. Transfer of the actions to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Any pending motions to remand to state court can be presented to and decided by the transferee judge. *See, e.g., In re Ivy,* 901 F.2d 7 (2d Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation,* 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001). The Panel further finds that transfer of these actions is appropriate for the reasons expressed in the original order directing centralization in this docket. In that order, the Panel held that the Eastern District of Louisiana was a proper Section 1407 forum for actions involving claims of liability for allegedly adverse effects arising from the ingestion of Vioxx. *See In re Vioxx Products Liability Litigation,* 360 F.Supp.2d 1352 (J.P.M.L. 2005).

To the Ohio plaintiff who argues that she does not have the resources to litigate this matter in the Eastern District of Louisiana, we emphasize that since Section 1407 transfer is for pretrial proceedings, there is usually no need for the parties and witnesses to travel to the transferee district for depositions or otherwise. *See, e.g.,* Fed.R.Civ.P. 45(c)(3)(A). Furthermore, the judicious use of liaison counsel, lead counsel and steering committees will eliminate the need for most counsel ever to travel to the transferee district. And it is logical to assume that prudent counsel will combine their forces and

---

* Judge Motz took no part in the decision of this matter.

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

Exhibit B

- 2 -

apportion their workload in order to streamline the efforts of the parties and witnesses, their counsel and the judiciary. This streamlining combined with the uniform case management approach already instituted by the transferee judge will foreseeably lead to an overall savings in resources. 339, 347, 348. *In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415, 422 (J.P.M.L. 1991).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are transferred to the Eastern District of Louisiana and, with the consent of that court, assigned to the Honorable Eldon E. Fallon for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

Exhibit B

# SCHEDULE A

<u>MDL-1657 -- In re Vioxx Products Liability Litigation</u>

|  | EDLA SEC. L/3 |
|---|---|
| **Northern District of California** | |
| *Vick Kargodorian v. Merck & Co., Inc., et al.*, C.A. No. 3:05-937 | 05-3791 |
| *Nora Olson, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:05-1256 | 05-3792 |
| **Southern District of California** | |
| *Robert V. Purcell v. Merck & Co., Inc., et al.*, C.A. No. 3:05-443 | 05-3793 |
| **District of Connecticut** | |
| *JoAnn Malek v. Eric Rosenberg, M.D., et al.*, C.A. No. 3:05-543 | 05-3794 |
| **Middle District of Florida** | |
| *Migna Serrano, et al. v. Merck & Co., Inc., et al.*, C.A. No. 6:05-170 | 05-3795 |
| *Conchita Merced-Torres, et al. v. Merck & Co., Inc., et al.*, C.A. No. 6:05-449 | 05-3796 |
| *Samuel Diaz, et al. v. Merck & Co., Inc., et al.*, C.A. No. 6:05-472 | 05-3797 |
| *Wayne Vigil, et al. v. Merck & Co., Inc., et al.*, C.A. No. 8:05-223 | 05-3798 |
| **Southern District of Illinois** | |
| *Helen Wood v. Merck & Co., Inc., et al.*, C.A. No. 3:05-168 | 05-3799 |
| **Eastern District of Missouri** | |
| *Curt Meng, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-194 | 05-3800 |
| *Ronald Colbert, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-195 | 05-3801 |
| *Carver Black, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-297 | 05-3802 |
| *John Hodges, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-302 | 05-3803 |
| *Renee Lockett, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-304 | 05-3804 |
| *LeJuana Young, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-309 | 05-3805 |
| *Kathryn Pueser, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-430 | 05-3806 |
| *Chris Piechoinski, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-431 | 05-3807 |
| *Lorraine Phillip, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-433 | 05-3808 |
| *Barbara O'Bannon, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-434 | 05-3809 |
| *Mary Miles, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-435 | 05-3810 |
| *Jeffrey McDaniel, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-436 | 05-3811 |
| *Louise McCarter, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-437 | 05-3812 |

Exhibit B

- A2 -

| | EDLA SEC. L/3 |
|---|---|
| **Eastern District of Missouri** [continued] | |
| *Norma Hubbard, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-438 | 05-3813 |
| *Delores Holmes, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-439 | 05-3814 |
| *Terry Frame, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-440 | 05-3815 |
| *Jane Cavins, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-441 | 05-3816 |
| *Charlesetta Butler, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-442 | 05-3817 |
| **Northern District of Ohio** | |
| *Kimberly Kaiser, et al. v. Merck & Co., Inc.*, C.A. No. 1:05-776 | 05-3818 |
| **Western District of Pennsylvania** | |
| *Mary Ellen Magnifico v. Merck & Co., Inc.*, C.A. No. 2:05-386 | 05-3819 |
| **Northern District of West Virginia** | |
| *William David Lough, et al. v. Merck & Co., Inc., et al.*, C.A. No. 5:05-34 | 05-3820 |

Exhibit B

Case 1:06-cv-00849-MHT-DRB    Document 20-3    Filed 10/10/2006    Page 5 of 9
Case 2:05-md-01657-EEF-DEK    Document 850    Filed 08/15/2005    Page 5 of 9

PAGE 1 of 2

# INVOLVED COUNSEL LIST
## DOCKET NO. 1657
## IN RE VIOXX PRODUCTS LIABILITY LITIGATION

Kevin J. Adrian
Brown & James
1010 Market Street
20th Floor
St Louis, MO 63101

Charles Avrith
Hughes, Hubbard & Reed, LLP
350 South Grand Avenue
36th Floor
Los Angeles, CA 90071

Dan H. Ball
Bryan Cave, L.L.P.
One Metropolitan Square
Suite 3600
211 N. Broadway
St. Louis, MO 63102-2750

Amy Bloom
Steel Hector & Davis
1900 Phillips Point W.
777 S. Flagler Drive
West Palm Beach, FL 33401-6198

Michael K. Brown
Reed Smith, LLP
355 South Grand Avenue
Suite 2900
Los Angeles, CA 90071-1514

Mark E. Burton, II
Hersh & Hersh
2080 Opera Plaza
601 Van Ness Ave
San Francisco, CA 94102-6388

Evan D. Buxner
Walther Glenn Law Associates
1034 S. Brentwood Blvd.
Suite 1300
St. Louis, MO 63117-1322

Eugene A. Cooney
Cooney, Scully & Dowling
Hartford Square North
10 Columbus Boulevard
Hartford, CT 06106-5109

S. Tessie Corbin
Dechert LLP
1717 Arch Street
4000 Bell Atlantic Tower
Philadelphia, PA 19103-2793

Kanika D. Corley
Morris, Polich & Purdy, LLP
1055 West 7th Street
Suite 2400
Los Angeles, CA 90017

Jeanette N. Dannenfelser
Furnier & Thomas
One Financial Way, Suite 312
Cincinnati, OH 45242-5858

David A. Dick
Thompson Coburn, LLP
One US Bank Plaza, Suite 2600
St Louis, MO 63101

Joseph A. Dolan
Frank, Dolan & Mueller, L.L.C.
308 N. 21st Street
Suite 401
St. Louis, MO 63103

Deborah C. Druley
Sonnenschein & Nath, LLP
One Metropolitan Square
Suite 3000
St. Louis, MO 63102

Jeremy R. Fietz
Edgar Law Firm
408 College Ave
Santa Rosa, CA 95401

Carl Frankovitch
Frankovitch, Anetakis, Colantonio
& Simon
337 Penco Road
Weirton, WV 26062

Loren G. Freestone
Hurst & Hurst
401 West "A" Street
Suite 1825
San Diego, CA 92101

Ann E. Griffin
Law Office Of Jason L. Mccoy
280 Talcottville Road
Vernon, CT 06066

Megan S. Heinsz
Bryan Cave, L.L.P.
One Metropolitan Square
Suite 3600
211 N. Broadway
St. Louis, MO 63102

Catherine M. Hensler-Dickenson
Husch & Eppenberger, LLC
190 Carondelet Plaza
Suite 600
St. Louis, MO 63105

Russ M. Herman
Herman, Herman, Katz & Cotlar, L.L.P.
820 O'Keefe Avenue
New Orleans, LA 70113

Jeffrey A. Holmstrand
McDermott & Bonenberger, PLLC
53 Washington Avenue
Wheeling, WV 26003-0316

Rosalie Euna Kim
Reed Smith LLP
Two Embarcadero Center
Suite 2000
San Francisco, CA 94111

Norman C. Kleinberg
Hughes Hubbard & Reed, LLP
One Battery Park Plaza
12th Floor
New York, NY 10004-1482

Andrea B. Lamere
Schaeffer & Lamere, PC
5512 Godfrey Road, Suite B
Godfrey, IL 62035

Jeffrey J. Lowe
Jeffrey J. Lowe, PC
8235 Forsyth Boulevard
Suite 1100
St. Louis, MO 63105

Exhibit B

INVOLVED COUNSEL LIST- MDL-1657                                      PAGE 2 of 2

Patricia E. Lowry
Steel, Hector & Davis, P.A.
1900 Phillips Point West
777 S. Flagler Drive
West Palm Beach, FL 33401-6198

Stefan A. Mallen
Bryan Cave, L.L.P.
One Metropolitan Square
Suite 3600
211 N. Broadway
St. Louis, MO 63102-2750

Marvin W. Masters
The Masters Law Firm, L.C.
181 Summers Street
4th Floor
Peoples Building
Charleston, WV 25301

Timothy F. McCurdy
Husch & Eppenberger, LLC
190 Carondelet Plaza
Suite 600
St. Louis, MO 63105

Donald L. O'Keefe, Jr.
Rabbitt & Pitzer
100 S 4th Street
Suite 400
St. Louis, MO 63101-1821

Kevin F. O'Malley
Greensfelder, Hemker & Gale, P.C.
Equitable Building, Suite 2000
10 South Broadway
St. Louis, MO 63102

Gary P. Paul
Brinker & Doyen
120 S. Central Ave
Suite 700
Clayton, MO 63105

Michael J. Pitzer, Sr.
Rabbitt & Pitzer
100 S 4th Street
Suite 400
St. Louis, MO 63101-1821

Stephen J. Potter
Behr & McCarter
7777 Bonhomme Avenue
Suite 1810
St. Louis, MO 63105

J.C. Powell
Powell & Majestro, PLLC
405 Capitol Street, Suite P-1200
P.O. Box 3081
Charleston, WV 25331

John P. Rahoy
Brown & James, P.C.
1010 Market Street
20th Floor
St. Louis, MO 63101

D. Aaron Rihn
Peirce, Raimond & Coulter, P.C.
2500 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219-1918

Stephen H. Rovak
Sonnenschein & Nath, LLP
One Metropolitan Square
Suite 3000
St. Louis, MO 63102

Alan G. Schwartz
Wiggin & Dana
One Century Tower
265 Church Street
P.O. Box 1832
New Haven, CT 06508-1832

Scott S. Segal
Segal Law Firm
810 Kanawha Blvd, E.
Charleston, WV 25301

Robert J. Sindyla
Sindyla, Anthony & Sindyla
7425 Royalton Road
North Royalton, OH 44133-4743

Michael J. Smith
Moser & Marsalek
200 N. Broadway
Suite 700
St. Louis, MO 63102-2730

Dori K. Stibolt
Steel Hector & Davis
1900 Phillips Point W.
777 S. Flagler Drive
West Palm Beach, FL 33401-6198

Stephen G. Strauss
Bryan Cave, L.L.P.
One Metropolitan Square
211 N. Broadway
Suite 3600
St. Louis, MO 63102-2750

Maria D. Tejedor
Attorneys Trial Group
540 N. Semoran Boulevard
Orlando, FL 32807

James E. Whaley
Brown & James
1010 Market Street
20th Floor
St Louis, MO 63101

Brett A. Williams
Brown & James
1010 Market St 20th Fl
St Louis, MO 63101

Phillip A. Wittmann
Stone, Pigman, Walther & Wittmann,
LLC
546 Carondelet Street
New Orleans, LA 70130-3588

**Exhibit B**

# INVOLVED JUDGES LIST
## DOCKET NO. 1657
## IN RE VIOXX PRODUCTS LIABILITY LITIGATION

Hon. Terry I. Adelman
U.S. Magistrate Judge
15.174 Thomas F. Eagleton U.S. Courthouse
111 South Tenth Street
St. Louis, MO 63102

Hon. Janet Bond Arterton
U.S. District Judge
Richard C. Lee U.S. Courthouse
141 Church Street
New Haven, CT 06510

Hon. Frederick R. Buckles
U.S. Magistrate Judge
U.S. District Court
Thomas F. Eagleton U.S. Courthouse
111 South Tenth Street
St. Louis, MO 63102-9958

Hon. Anne C. Conway
U.S. District Judge
646 George C. Young U.S. Courthouse
80 N. Hughey Avenue
Orlando, FL 32801

Hon. Patricia C. Fawsett
Chief Judge, U.S. District Court
611 George C. Young U.S.
Courthouse
80 North Hughey Avenue
Orlando, FL 32801

Hon. Jean C. Hamilton
U.S. District Judge
16N Thomas F. Eagleton U.S. Courthouse
111 South Tenth St., 16th Floor
St. Louis, MO 63102-1116

Hon. David R. Herndon
U.S. District Judge
P.O. Box 259
E. St. Louis, IL 62202-0259

Hon. Carol E. Jackson
Chief Judge, U.S. District Court
14N Thomas F. Eagleton U.S. Courthouse
111 South Tenth St., 14th Floor
St. Louis, MO 63102-1116

Hon. M. James Lorenz
U.S. District Judge
2140 Edward J. Schwartz U.S.
Courthouse
940 Front Street
San Diego, CA 92101-8913

Hon. Terrence F. McVerry
U.S. District Judge
1008 U.S. Post Office & Courthouse
700 Grant Street
Pittsburgh, PA 15219

Hon. Marilyn Hall Patel
U.S. District Judge
Phillip Burton U.S. Courthouse
Box 36060
450 Golden Gate Avenue
San Francisco, CA 94102-3661

Hon. Catherine D. Perry
U.S. District Judge
Thomas F. Eagleton U.S. Courthouse
111 South Tenth Street, 14th Floor
St. Louis, MO 63102-9958

Hon. Charles A. Shaw
U.S. District Judge
Thomas F. Eagleton U.S. Courthouse
111 South Tenth Street, 12th Floor
St. Louis, MO 63102-9958

Hon. Rodney W. Sippel
U.S. District Judge
Thomas F. Eagleton U.S. Courthouse
111 South Tenth Street, 10th Floor
St. Louis, MO 63102-1116

Hon. Frederick P. Stamp, Jr.
U.S. District Judge
P.O. Box 791
Federal Building
1125 Chapline Street
Wheeling, WV 26003-0100

Hon. E. Richard Webber
U.S. District Judge
Thomas F. Eagleton U.S. Courthouse
111 South Tenth St., 12th Floor
St. Louis, MO 63102-1116

Hon. Lesley Brooks Wells
U.S. District Judge
18A Carl B. Stokes U.S. Courthouse
801 W. Superior Avenue
Cleveland, OH 44113-1836

Hon. James D. Whittemore
U.S. District Judge
223 Sam M. Gibbons U.S. Courthouse
801 North Florida Avenue
Tampa, FL 33602

Exhibit B

# INVOLVED CLERKS LIST
## DOCKET NO. 1657
## IN RE VIOXX PRODUCTS LIABILITY LITIGATION

Geri M. Smith, Clerk
United States District Court
2-161 Carl B. Stokes U.S. Courthouse
801 West Superior Avenue
Cleveland, OH 44113

James Woodward, Clerk
3300 Thomas F. Eagleton U.S. Courthouse
111 South Tenth Street
St. Louis, MO 63102

Kevin F. Rowe, Clerk .
Richard C. Lee U.S. Courthouse
141 Church Street
New Haven, CT 06510

Norbert G. Jaworski, Clerk
U.S. District Court
P.O. Box 249
E. St. Louis, IL 62202-0249

Richard W. Wieking, Clerk
Phillip Burton U.S. Courthouse
Box 36060
450 Golden Gate Avenue
San Francisco, CA 94102-3489

Robert V. Barth, Jr., Clerk
U.S. District Court
P.O. Box 1805
Pittsburgh, PA 15230-1805

Sheryl L. Loesch, Clerk
300 George C. Young U.S. Courthouse
80 North Hughey Avenue
Orlando, FL 32801

Sheryl L. Loesch, Clerk
218 Sam M. Gibbons U.S. Courthouse
801 North Florida Avenue
Tampa, FL 33602-3800

W. Samuel Hamrick, Jr., Clerk
4290 Edward J. Schwartz Federal Building
880 Front Street
San Diego, CA 92101-8900

Wally A. Edgell, Clerk
P.O. Box 471
Wheeling, WV 26003-0060

Exhibit B

# UNITED STATES OF AMERICA
# JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | | | |
|---|---|---|---|
| **CHAIRMAN:** | **MEMBERS:** | | **DIRECT REPLY TO:** |
| Judge Wm. Terrell Hodges | Judge John F. Keenan | Judge Robert L. Miller, Jr. | |
| United States District Court | United States District Court | United States District Court | Michael J. Beck |
| Middle District of Florida | Southern District of New York | Northern District of Indiana | Clerk of the Panel |
| | | | One Columbus Circle, NE |
| | Judge D. Lowell Jensen | Judge Kathryn H. Vratil | Thurgood Marshall Federal |
| | United States District Court | United States District Court | Judiciary Building |
| | Northern District of California | District of Kansas | Room G-255, North Lobby |
| | | | Washington, D.C. 20002 |
| | Judge J. Frederick Motz | Judge David R. Hansen | |
| | United States District Court | United States Court of Appeals | Telephone: [202] 502-2800 |
| | District of Maryland | Eighth Circuit | Fax:       [202] 502-2888 |
| | | | http://www.jpml.uscourts.gov |

August 11, 2005

Loretta G. Whyte, Clerk
C-151 U.S. Courthouse
500 Poydras Street
New Orleans, LA 70130-3367

Re:  MDL-1657 -- In re Vioxx Products Liability Litigation

(See Attached Schedule A of Order)

Dear Ms. Whyte:

I am enclosing a certified copy and one additional copy of a transfer order filed today by the Panel in the above-captioned matter. The order is directed to you for filing.

The Panel's governing statute, 28 U.S.C. §1407, requires that the transferee clerk "...transmit a certified copy of the Panel's order to transfer to the clerk of the district court from which the action is being transferred."

**The Panel has ordered that its Rule 1.6(a), pertaining to transfer of files, be suspended for purposes of this litigation. Accordingly, the transferee district clerk shall request, and the transferor district clerk shall forward, only those files deemed necessary by the transferee district court.**

A list of involved counsel is attached.

Very truly,

Michael J. Beck
Clerk of the Panel

By _____
            Deputy Clerk

Enclosures/Attachment

cc:   Transferee Judge:   Judge Eldon E. Fallon
       Transferor Judges:   (See Attached List of Judges)
       Transferor Clerks:   (See Attached List of Clerks)

JPML Form 29A

Exhibit B

### DOCKET NOS. 1657 & 1699

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE VIOXX PRODUCTS LIABILITY LITIGATION
## IN RE BEXTRA AND CELEBREX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION

*James Booker v. Merck & Co., Inc., et al.*, N.D. Texas, C.A. No. 3:05-496

## BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,* ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL

### ORDER OF TRANSFER WITH SIMULTANEOUS SEPARATION, REMAND AND TRANSFER

Presently before the Panel are four motions relating to this Northern Texas action (*Booker*). The first motion is brought, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by the *Booker* plaintiff seeking to vacate the Panel's MDL-1657 order conditionally i) transferring *Booker* to the Eastern District of Louisiana for inclusion in the Section 1407 proceedings occurring there in the Vioxx litigation; and ii) simultaneously separating and remanding claims relating to prescription medications Bextra and Celebrex (manufactured by Pfizer Inc. (Pfizer)) to the Northern District of Texas. The *Booker* health care defendants support this motion. Defendants Pfizer and Merck & Co., Inc. (Merck) oppose the motion and urge effectuation of the Panel's order.

Also before the Panel are three separate motions seeking centralization of *Booker* with other related actions in one federal district for coordinated or consolidated pretrial proceedings relating to Bextra and Celebrex.[1] The *Booker* plaintiff opposes inclusion of his action in any Bextra and/or Celebrex multidistrict proceedings. The *Booker* health care defendants oppose inclusion of *Booker*, or claims relating to Bextra and Celebrex in this action, in any multidistrict docket involving these latter claims. Pfizer opposes i) centralization of the Bextra and Celebrex products liability actions, and ii) inclusion of any Vioxx claims in *Booker* in any Bextra and Celebrex multidistrict proceedings. Merck favors inclusion of claims related to Pfizer's Bextra and Celebrex in *Booker* in multidistrict proceedings involving these medications.

On the basis of the papers filed and hearing session held, the Panel finds that *Booker* involves

---

* Judge Motz took no part in the decision of this matter.

[1] Two motions in *MDL-1691 – In re Bextra and Celebrex Products Liability Litigation* seek to include *Booker*, while a third motion seeks to include *Booker* in *MDL-1699 – In re Bextra and Celebrex Marketing, Sales Practices and Products Liability Litigation*.

Exhibit C

- 2 -

common questions of fact with i) actions in MDL-1657 previously transferred to the Eastern District of Louisiana, and ii) with actions in MDL-1699 recently centralized in the Northern District of California. The Panel further finds that transfer for inclusion in the coordinated or consolidated pretrial proceedings in those two districts will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Transfer is also appropriate for reasons expressed by the Panel in its original orders directing centralization in these two dockets. In MDL-1657, the Panel held that the Eastern District of Louisiana was a proper Section 1407 forum for actions relating to Vioxx. *See In re Vioxx Products Liability Litigation,* 360 F.Supp.2d 1352 (J.P.M.L. 2005). Similarly, the Panel held that the Northern District of California was a proper Section 1407 forum for actions relating to Bextra and/or Celebrex. See *In re Bextra and Celebrex Marketing, Sales Practices and Products Liability Litigation,* ___ F.Supp.2d ___; 2005 U.S. Dist. LEXIS ___ (J.P.M.L. Sept. 6, 2005). Plaintiff's motion to remand *Booker* to state court can, in appropriate parts, be presented to and decided by each of the transferee courts. *See, e.g., In re Ivy,* 901 F.2d 7 (2d Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation,* 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001).

To the *Booker* plaintiff and the health care defendants who argue that it is not proper to split *Booker* into multiple pretrial proceedings and/or that they do not have the resources to separately litigate this matter, we emphasize that since Section 1407 transfer is for pretrial proceedings, there is usually no need for the parties and witnesses to travel to the transferee districts for depositions or otherwise. *See, e.g.,* Fed.R.Civ.P. 45(c)(3)(A). Furthermore, the judicious use of liaison counsel, lead counsel and steering committees will eliminate the need for most counsel ever to travel to the transferee districts. And it is logical to assume that prudent counsel will combine their forces and apportion their workload in order to streamline the efforts of the parties and witnesses, their counsel and the judiciary. This streamlining combined with uniform case management approaches instituted or anticipated in these multidistrict proceedings will foreseeably lead to an overall savings in transaction costs. *See In re Asbestos Products Liability Litigation (No. VI),* 771 F.Supp. 415, 422 (J.P.M.L. 1991).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action is transferred to the Eastern District of Louisiana and, with the consent of that court, assigned to the Honorable Eldon E. Fallon for inclusion in the coordinated or consolidated pretrial proceedings occurring there in MDL-1657 – *In re Vioxx Products Liability Litigation.* The claims relating to Pfizer's Bextra and Celebrex prescription medications are separated and remanded, pursuant to 28 U.S.C. § 1407(a), to the Northern District of Texas.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1407, the resulting Texas action involving claims relating to Bextra and Celebrex is transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Charles R. Breyer for inclusion in the coordinated or consolidated pretrial proceedings occurring there in MDL-1699 – *In re Bextra and Celebrex Marketing, Sales Practices and Products Liability Litigation.*

FOR THE PANEL:

*Wm. Terrell Hodges*

Wm. Terrell Hodges
Chairman

Exhibit C

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 2 1 2005

FILED
CLERK'S OFFICE

*DOCKET NO. 1657*

## *BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

## *IN RE VIOXX PRODUCTS LIABILITY LITIGATION*

## *BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,* ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL*

### *TRANSFER ORDER*

Presently before the Panel are motions, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by the health care defendant in the Southern Texas action and plaintiffs in the remaining 47 actions listed on Schedule A to vacate the Panel's orders conditionally transferring the actions to the Eastern District of Louisiana for inclusion in the Section 1407 proceedings occurring there in this docket. Merck & Co., Inc., favors inclusion of these actions in MDL-1657 proceedings.

On the basis of the papers filed and hearing session held, the Panel finds that these actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Louisiana. Transfer of the actions to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Any pending motions to remand to state court can be presented to and decided by the transferee judge. *See, e.g., In re Ivy*, 901 F.2d 7 (2d Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001). The Panel further finds that transfer of these actions is appropriate for the reasons expressed in the original order directing centralization in this docket. In that order, the Panel held that the Eastern District of Louisiana was a proper Section 1407 forum for actions involving claims of liability for allegedly adverse effects arising from the ingestion of Vioxx. *See In re Vioxx Products Liability Litigation*, 360 F.Supp.2d 1352 (J.P.M.L. 2005).

To the North Carolina plaintiff who argues that he does not have the resources to litigate his claims in the Eastern District of Louisiana and to the health care defendant in the Southern Texas action who argues that it is not proper to split the Texas action into multiple pretrial proceedings, we emphasize that since Section 1407 transfer is for pretrial proceedings, there is usually no need for the parties and witnesses to travel to the transferee districts for depositions or otherwise. *See, e.g.,* Fed.R.Civ.P. 45(c)(3)(A). Furthermore, the judicious use of liaison counsel, lead counsel and steering

---

*  Judge Motz took no part in the decision of this matter.

**Exhibit D**

- 2 -

committees will eliminate the need for most counsel ever to travel to the transferee districts. And it is logical to assume that prudent counsel will combine their forces and apportion their workload in order to streamline the efforts of the parties and witnesses, their counsel and the judiciary. This streamlining combined with uniform case management approaches instituted or anticipated in these multidistrict proceedings will foreseeably lead to an overall savings in transaction costs. *See In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415, 422 (J.P.M.L. 1991).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are transferred to the Eastern District of Louisiana and, with the consent of that court, assigned to the Honorable Eldon E. Fallon for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

IT FURTHER ORDERED that the claims against Pfizer Inc. (Pfizer) and the physician defendant in *Santos Villarreal Layton v. Dario Arango, M.D., et al.*, S.D. Texas, C.A. No. 7:05-149, relating to Pfizer's Celebrex prescription medication are separated and remanded, pursuant to 28 U.S.C. § 1407(a), to the Southern District of Texas.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

Exhibit D

# SCHEDULE A

<u>MDL-1657 -- In re Vioxx Products Liability Litigation</u>

### Southern District of California

*Alvin Williams v. Merck & Co., Inc., et al.*, C.A. No. 3:05-943
*Margaret Stein v. Merck & Co., Inc., et al.*, C.A. No. 3:05-944
*Otis Anderson v. Merck & Co., Inc., et al.*, C.A. No. 3:05-945
*Joan Ongley v. Merck & Co., Inc., et al.*, C.A. No. 3:05-947
*Hilda Armenta v. Merck & Co., Inc., et al.*, C.A. No. 3:05-948
*Robert Levesque v. Merck & Co., Inc., et al.*, C.A. No. 3:05-949
*Clancy Lucille Holloway v. Merck & Co., Inc., et al.*, C.A. No. 3:05-950
*Laura Martinez v. Merck & Co., Inc., et al.*, C.A. No. 3:05-951
*Clarice Forbes v. Merck & Co., Inc., et al.*, C.A. No. 3:05-953
*Robert Castro v. Merck & Co., Inc., et al.*, C.A. No. 3:05-954
*Joseph Capozzi v. Merck & Co., Inc., et al.*, C.A. No. 3:05-957
*Anna Lemmons v. Merck & Co., Inc., et al.*, C.A. No. 3:05-958
*Richard Brown v. Merck & Co., Inc., et al.*, C.A. No. 3:05-959
*Aida Hernandez v. Merck & Co., Inc., et al.*, C.A. No. 3:05-960
*Harvey Persh v. Merck & Co., Inc., et al.*, C.A. No. 3:05-961
*Robert Scott v. Merck & Co., Inc., et al.*, C.A. No. 3:05-962
*Violet Abramson v. Merck & Co., Inc., et al.*, C.A. No. 3:05-963
*Carmen Esquer v. Merck & Co., Inc., et al.*, C.A. No. 3:05-964

### Southern District of Illinois

*Rosie-May Spann v. Merck & Co., Inc., et al.*, C.A. No. 3:05-315
*James Steele, Jr., et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:05-339
*Greg Miller, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:05-361
*Wilma Gaston, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:05-362
*John Allen, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:05-377

### Western District of Kentucky

*William Andrew Curl, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:05-324
*Brenda Cox, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:05-332
*Patrick Wayne Overall, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:05-333
*James Goodman v. Merck & Co., Inc., et al.*, C.A. No. 3:05-334
*Steven Clark v. Merck & Co., Inc., et al.*, C.A. No. 3:05-335

### Eastern District of Missouri

*Dorothy Ganser, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-557
*Letty Bess, et al. v. Merck & Co., Inc., et al.,* C.A. No. 4:05-568
*Arthur Mullins, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-569
*Dorothy Kassing, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-631
*Shirley Zook, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-632
*Andrew Kisty, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-665

**Exhibit D**

## Eastern District of Missouri (Continued)

*Virginia Kell, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-666
*Mary Benson, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-668
*Earlie Douglas, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-669
*Ricardo Lara, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-671
*Loretta Trinidad, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-673
*David Moultrie, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-674
*Irene Rogers, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-675
*Charlotte Bohlke, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-837

## Middle District of North Carolina

*Jimmy Reid v. Merck & Co., Inc.*, C.A. No. 1:05-348

## Eastern District of Texas

*Elfriede Blacketer v. Merck & Co., Inc., et al.*, C.A. No. 1:05-336
*Walter Maddox v. Merck & Co., Inc., et al.*, C.A. No. 1:05-338

## Southern District of Texas

*Santos Villarreal Layton v. Dario Arango, M.D., et al.*, C.A. No. 7:05-149

## Western District of Washington

*Robert K. Waitt v. Merck & Co., Inc., et al.*, C.A. No. 2:05-759

## Northern District of West Virginia

*Shelia Dalgo v. Merck & Co., Inc.*, C.A. No. 5:05-48

**Exhibit D**

A CERTIFIED TRUE COPY

DEC + 2 2005

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 DEC -5 PM 1: 08

LORETTA G. WHYTE
CLERK

JUDICIAL PANEL
MULTIDISTRICT LIT

DEC - 2 200

FILED
CLERK'S OFFICE

Dec 7 2005
1:18PM

7595703

*DOCKET NO. 1657*

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE VIOXX PRODUCTS LIABILITY LITIGATION

## BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,[*] ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL

### TRANSFER ORDER

Presently before the Panel are motions, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by a health care defendant in the Southern District of Texas action and plaintiffs in the remaining actions listed on Schedule A to vacate the Panel's orders conditionally transferring the actions to the Eastern District of Louisiana for inclusion in the Section 1407 proceedings occurring there in this docket. Merck & Co., Inc., favors inclusion of these actions in MDL-1657 proceedings.

On the basis of the papers filed and hearing session held, the Panel finds that these actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Louisiana. Transfer of the actions to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Any pending motions to remand to state court can be presented to and decided by the transferee judge. *See, e.g., In re Ivy*, 901 F.2d 7 (2d Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001). The Panel further finds that transfer of these actions is appropriate for the reasons expressed in the original order directing centralization in this docket. In that order, the Panel held that the Eastern District of Louisiana was a proper Section 1407 forum for actions involving claims of liability for allegedly adverse effects arising from the ingestion of Vioxx. *See In re Vioxx Products Liability Litigation*, 360 F.Supp.2d 1352 (J.P.M.L. 2005).

The opposing Tennessee plaintiff and the Texas health care defendant argue that the presence of individual and/or local questions of fact as well as differing legal theories should militate against inclusion of these actions in MDL-1657 proceedings. We are unpersuaded by these arguments. Inclusion of these actions in Section 1407 proceedings has the salutary effect of placing all the related actions before a single judge who can formulate a pretrial program that: 1) prevents repetition of previously considered matters; 2) allows pretrial proceedings with respect to any non-common issues to proceed concurrently with pretrial proceedings on common issues, *In re Multi-Piece Rim Products*

---

[*] Judge Motz took no part in the decision of this matter.



A CERTIFIED TRUE COPY

DEC 5 - 200

- 2 -

*Liability Litigation*, 464 F.Supp. 969, 974 (J.P.M.L. 1979); and 3) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. *See In re StarLink Corn Products Liability Litigation*, 152 F.Supp.2d 1378 (J.P.M.L. 2001). It may be, on further refinement of the issues and close scrutiny by the transferee judge, that some claims or actions can be remanded to their transferor districts for trial in advance of the other actions in the transferee district. Should the transferee judge deem remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are transferred to the Eastern District of Louisiana and, with the consent of that court, assigned to the Honorable Eldon E. Fallon for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

Exhibit E

# SCHEDULE A

MDL-1657 -- In re Vioxx Products Liability Litigation

EDLA
Sect. L/3

### Southern District of Alabama

*Marquerite Woods v. Merck & Co., Inc., et al.*, C.A. No. 2:05-425        05-6339

### Middle District of Florida

*Barbara Fowler-Browning, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:05-586        05-6340

### Northern District of Illinois

*James Zafiratos v. Merck & Co., Inc., et al.*, C.A. No. 1:05-3784        05-6341

### Southern District of Illinois

*Stanley Hayes v. Merck & Co., Inc., et al.*, C.A. No. 3:05-450        05-6342
*Clara Kirkendall v. Merck & Co., Inc., et al.*, C.A. No. 3:05-562        05-6343
*Mary Hardin v. Merck & Co., Inc., et al.*, C.A. No. 3:05-563        05-6344

### Western District of Kentucky

*Lois Hammond, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:05-351        05-6345

### Eastern District of Missouri

*Harriet Aldridge, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-847        05-6346
*Mona Swint, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-879        05-6347
*Sam Fife, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-880        05-6348
*Vanita Copeland, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-881        05-6349

### District of Nevada

*Duane Allen Carlson, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:05-599        05-6350
*Nina Baker, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:05-625        05-6351
*Daniel Morrison, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:05-627        05-6352
*Sharon Himmel, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:05-334        05-6353
*Sean Regan, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:05-336        05-6354

### Western District of New York

*Lynn Krieger v. Merck & Co., Inc., et al.*, C.A. No. 6:05-6338        05-6355

### District of Oregon

*Wayne S. Harger v. Merck & Co., Inc., et al.*, C.A. No. 6:05-6184        05-6356

Exhibit E

- A2 -

<table>
<tr><td>Eastern District of Tennessee</td><td>EDLA<br>Sect. L/3</td></tr>
<tr><td>*Louise Denton v. Merck & Co., Inc.*, C.A. No. 2:05-170</td><td>05-6357</td></tr>
<tr><td>Southern District of Texas</td><td></td></tr>
<tr><td>*Jackie Roberts, etc. v. Juan Marcos Garcia, M.D., et al.*, C.A. No. 1:05-210</td><td>05-6358</td></tr>
</table>

Exhibit E

# INVOLVED COUNSEL LIST
## DOCKET NO. 1657
## IN RE VIOXX PRODUCTS LIABILITY LITIGATION

Kevin J. Adrian
Brown & James
1010 Market Street
20th Floor
St Louis, MO 63101

Thomas J. Andrews
Johnson & Bell, Ltd.
55 East Monroe Street
Suite 4100
Chicago, IL 60603

Edward E. Angwin
Cochran, Cherry, Givens, Smith,
Gulas & Stuckey
2031 2nd Avenue North
Birmingham, AL 35203

Dan H. Ball
Bryan Cave, L.L.P.
One Metropolitan Square
211 N. Broadway
Suite 3600
St. Louis, MO 63102-2750

W. Gordon Ball
Ball & Scott
550 West Main Avenue
Suite 750
Knoxville, TN 37902-2567

Denise A. Barton
Morris, Pickering & Peterson
300 South Fourth Street
Suite 900
Las Vegas, NV 89101

Donald F. Black
Harrell & Harrell, PA
4735 Sunbeam Road
Jacksonville, FL 32257

Carol D. Browning
Stites & Harbison
Suite 1800
400 West Market Street
Louisville, KY 40202-3352

Devon C. Bruce
Power, Rogers & Smith, P.C.
70 West Madison Street
Suite 5500
Chicago, IL 60602

Thomas M. Buckley
Buckley & Buckley, LLC
1139 Olive Street
Suite 800
St. Louis, MO 63101-1928

Philip H. Butler
Bradley Arant Rose & White, LLP
Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104

Douglas Cohen
Jones, Vargas
3773 Howard Hughes Parkway
3rd Floor South
Las Vegas, NV 89109

David A. Dick
Thomspson Coburn, LLP
One US Bank Plaza
Suite 2600
St Louis, MO 63101

James M. Doran, Jr.
Waller, Lansden, Dortch & Davis
511 Union Street
Suite 2100
Nashville, TN 37219

John J. Driscoll
Brown & Crouppen, PC
720 Olive Street
Suite 1800
St. Louis, MO 63101-2302

Jose Escobedo, Jr.
Hockema, Tippit & Escobedo, LLP
P.O. Box 720540
MCAllen, TX 78502

Robert B. Guild
Spohrer, Wilner, Maxwell
& Matthews, P.A
701 West Adams Street
Suite 2
Jacksonville, FL 32204

Steven Guinn
Laxalt & Nomura, Ltd.
9600 Gatewat Drive
Reno, NV 89521

Sandy Hall
223 Maxan Street
P.O. Box 275
Port Isabel, TX 78578

William Todd Harvey
Whatley Drake, LLC
2323 2nd Avenue, North
P.O. Box 10647
Birmingham, AL 35202

Vilia B. Hayes
Hughes, Hubbard & Reed, LLP
One Battery Park Plaza
New York, NY 10004

Jay H. Henderson
Cruse Scott Henderson & Allen,
LLP
2777 Allen Parkway
7th Floor
Houston, TX 77019-2133

Russ M. Herman
Herman, Herman, Katz & Cotlar,
LLP
820 O'Keefe Avenue
New Orleans, LA 70113

Sam Houston
Moore & Associates
P.O. Box 11833
Eugene, OR 97440

Roger W. Hughes
Adams & Graham
P.O. Drawer 1429
Harlingen, TX 78551-1429

Will Kemp
Harrison, Kemp & Jones, Chtd.
3800 Howard Hughes Parkway
17th Floor
Las Vegas, NV 89109

Norman C. Kleinberg
Hughes Hubbard & Reed, LLP
One Battery Park Plaza
12th Floor
New York, NY 10004-1482

Exhibit E

Andrew J. Lee
Schwabe, Williamson & Wyatt
1600-1900 Pacwest Center
1211 SW 5th Avenue
Suites 1600 - 1900
Portland, OR 97204-3795

Jeffrey J. Lowe
Jeffrey J. Lowe, PC
8235 Forsyth Boulevard
Suite 1100
St. Louis, MO 63105

Gerry Lowry
Fulbright & Jaworski, L.L.P.
1301 McKinney Street
Suite 5100
Houston, TX 77010-3095

Winston E. Miller
Frost, Brown & Todd, L.L.C.
400 West Market Street
32nd  Floor
Louisville, KY 40202-3363

Eugene Edward Murphy, Jr.
Bryan Cave, LLP
161 North Clark
Suite 4800
Chicago, IL 60601-3206

Donald L. O'Keefe, Jr.
Rabbitt & Pitzer
100 S 4th Street
Suite 400
St. Louis, MO 63101-1821

Susan J. Pope
Frost, Brown & Todd, L.L.C.
250 West Main Street
Suite 2700
Lexington, KY 40507-1749

D. Brian Rattliff
Bubalo & Hiestand, PLC
401 S. Fourth Street, Suite 800
Louisville, KY 40202

Michael D. Shalhoub
Heidell, Pittoni, Murphy & Bach, LLP
99 Park Ave.
New York, NY 10016

Dori K. Stibolt
Steel Hector & Davis
1900 Phillips Point W.
777 S. Flagler Drive
West Palm Beach, FL 33401-6198

Stephen G. Strauss
Bryan Cave, L.L.P.
One Metropolitan Square
211 N. Broadway
Suite 3600
St. Louis, MO 63102-2750

Theresa M. Walsh
Brown & Chiari, LLP
5775 Broadway
Lancaster, NY 14086

James E. Whaley
Brown & James
1010 Market Street, 20th Floor
St Louis, MO 63101

J. Stewart White
White, Meany & Wetherall, LLP
3185 Lakeside Drive
Reno, NV 89509-4503

Benjamin C. Wilson
Rushton, Stakely, Johnston & Garrett, PA
184 Commeerce Street
P.O. Box 270
Montgomery, AL 36101-0270

Phillip A. Wittmann
Stone, Pigman, Walther & Wittmann, LLC
One United Plaza, Suite 501
4041 Essen Lane
Baton Rouge, LA 70809

Exhibit E

# INVOLVED JUDES LIST
## DOCKET NO. 1657
## IN RE VIOXX PRODUCTS LIABILITY LITIGATION

Hon. Henry E. Autrey
U.S. District Judge
10N Thomas F. Eagleton U.S. Courthouse
111 South Tenth Street
St. Louis, MO 63102

Hon. Thomas Coffin
U.S. Magistrate Judge
U.S. Courthouse
211 East 7th Avenue
Eugene, OR 97401

Hon. Kent J. Dawson
U.S. District Judge
6006 Lloyd D. George U.S. Courthouse
333 Las Vegas Blvd., South
Las Vegas, NV 89101

Hon. Patricia C. Fawsett
Chief Judge, U.S. District Court
611 George C. Young United States Courthouse
80 North Hughey Avenue
Orlando, FL 32801

Hon. Callie V.S. Granade
Chief Judge, U.S. District Court
123 John A. Campbell U.S. Courthouse
113 St. Joseph Street
Mobile, AL 36602-3621

Hon. J. Ronnie Greer
U.S. District Judge
United States District Court
220 West Depot Street
Suite 405
Greeneville, TN 37743

Hon. Jean C. Hamilton
U.S. District Judge
16N Thomas F. Eagleton U.S. Courthouse
111 South Tenth St., 16th Floor
St. Louis, MO 63102-1116

Hon. Robert C. Jones
U.S. District Judge
U.S. District Court
7005 Lloyd D. George U.S. Courthouse
333 Las Vegas Blvd., South
Las Vegas, NV 89101

Hon. David G. Larimer
U.S. District Judge
250 Kenneth B. Keating Federal Building
100 State Street
Rochester, NY 14614-1324

Hon. Stephen N. Limbaugh
Senior U.S. District Judge
Thomas F. Eagleton U.S. Courthouse
111 South Tenth St., 3rd Floor
St. Louis, MO 63102-9958

Hon. Catherine D. Perry
U.S. District Judge
Thomas F. Eagleton U.S. Courthouse
111 South Tenth Street, 14th Floor
St. Louis, MO 63102-9958

Hon. Michael J. Reagan
U.S. District Judge
200 Melvin Price Fed. Bldg.
& U.S. Courthouse
750 Missouri Avenue
E. St. Louis, IL 62201

Hon. Edward C. Reed, Jr.
Senior U.S. District Judge
606 Bruce R. Thompson U.S. Courthouse
& Federal Building
400 South Virginia Street
Reno, NV 89501

Hon. Charles R. Simpson, III
Chief Judge, U.S. District Court
247 Gene Snyder U.S. Courthouse
601 West Broadway
Louisville, KY 40202

Hon. Hilda G. Tagle
U.S. District Judge
Federal Building & U.S. Courthouse
#306
600 East Harrison Street
Brownsville, TX 78520

Hon. James B. Zagel
U.S. District Judge
Everett McKinley Dirksen U.S. Courthouse
219 South Dearborn Street
Chicago, IL 60604

Exhibit E

# INVOLVED CLERKS LIST
## DOCKET NO. 1657
## IN RE VIOXX PRODUCTS LIABILITY LITIGATION

Charles R. Diard, Jr., Clerk
123 John A. Campbell U.S. Courthouse
113 St. Joseph Street
Mobile, AL 36602-3621

Donald M. Cinnamond, Clerk
100 Federal Building &  U.S. Courthouse
211 East 7th Avenue
Eugene, OR 97401

James Woodward, Clerk
3300 Thomas F. Eagleton U.S. Courthouse
111 South Tenth Street
St. Louis, MO 63102

Jeffrey A. Apperson, Clerk
106 Gene Snyder U.S. Courthouse
601 West Broadway
Louisville, KY 40202

Lance S. Wilson, Clerk
Lloyd D. George U.S. Courthouse
333 Las Vegas Boulevard, South
Las Vegas, NV 89101

Lance S. Wilson, Clerk
Bruce R. Thompson U.S. Courthouse
& Fed. Bldg., Suite 301
400 South Virginia Street
Reno, NV 89501

Michael N. Milby, Clerk
101 Federal Building & U.S. Courthouse
600 East Harrison Street
Brownsville, TX 78522-7114

Michael W. Dobbins, Clerk
Everett McKinley Dirksen U.S. Courthouse
219 South Dearborn Street
Chicago, IL 60604

Norbert G. Jaworski, Clerk
U.S. District Court
P.O. Box 249
E. St. Louis, IL 62202-0249

Patricia L. McNutt, Clerk
U.S. Courthouse
101 Summer Street, West
Greeneville, TN 37743

Rodney C. Early, Clerk
2120 Kenneth B. Keating Federal Building
100 State Street
Rochester, NY 14614-1368

Sheryl L. Loesch, Clerk
U.S. District Court
311 West Monroe Street
Jacksonville, FL 32201

Exhibit E

# UNITED STATES OF AMERICA
## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge Wm. Terrell Hodges
United States District Court
Middle District of Florida

**MEMBERS:**
Judge John F. Keenan
United States District Court
Southern District of New York

Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

**DIRECT REPLY TO:**

Michael J. Beck
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:          [202] 502-2888

http://www.jpml.uscourts.gov

December 2, 2005

Loretta G. Whyte, Clerk
U.S. District Court
102 Versailles Street
Suite 501
Lafayette, LA 70501

Re:  MDL-1657 -- In re Vioxx Products Liability Litigation

(See Attached Schedule A of Order)

Dear Ms. Whyte:

I am enclosing a certified copy and one additional copy of a transfer order filed today by the Panel in the above-captioned matter.  The order is directed to you for filing.

The Panel's governing statute, 28 U.S.C. §1407, requires that the transferee clerk "...transmit a certified copy of the Panel's order to transfer to the clerk of the district court from which the action is being transferred."

**The Panel has ordered that its Rule 1.6(a), pertaining to transfer of files, be suspended for purposes of this litigation.  Accordingly, the transferee district clerk shall request, and the transferor district clerk shall forward, only those files deemed necessary by the transferee district court.**

A list of involved counsel is attached.

Very truly,

Michael J. Beck
Clerk of the Panel

By
Deputy Clerk

Enclosures/Attachment

cc:  Transferee Judge:    Judge Eldon E. Fallon
     Transferor Judges:   (See Attached List of Judges)
     Transferor Clerks:   (See Attached List of Clerks)

JPML Form 29A

Exhibit E