JUN  9 2005  5:34PM    JPML                                              NO 4277   P. 2.2

# UNITED STATES OF AMERICA
## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge Wm. Terrell Hodges
United States District Court
Middle District of Florida

**MEMBERS:**
Judge John F. Keenan
United States District Court
Southern District of New York

Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

Robert A. Cahn
Executive Attorney

**DIRECT REPLY TO:**

Michael J. Beck
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:       [202] 502-2888

http://www.jpml.uscourts.gov

March 21, 2005

Honorable Ricardo H. Hinojosa
U.S. District Judge
1701 W Bus Highway 83
Bentsen Tower, Suite 1028
McAllen, TX 78501

Re: MDL-1657 — In re Vioxx Products Liability Litigation

   *Felicia Garza, et al. v. Merck & Co., Inc., et al.*, S.D. Texas, C.A. No. 7:05-17

Dear Judge Hinojosa:

   Presently before the Panel pursuant to 28 U.S.C. § 1407 is a notice of opposition to the Panel's conditional transfer order in the above matter pending before you. The parties will have an opportunity to fully brief the question of transfer and the matter will be considered at a bimonthly Panel hearing session. In the meantime, your jurisdiction continues until any transfer ruling becomes effective.

   If you have a motion pending – such as a motion to remand to state court (if the action was removed to your court) – you are free to rule on the motion, of course, or wait until the Panel has decided the transfer issue. The latter course may be especially appropriate if the motion raises questions likely to arise in other actions in the transferee court and, in the interest of uniformity, might best be decided there if the Panel orders centralization.

   • Please feel free to contact our staff in Washington with any questions.

                                                    Kindest regards,

                                                    *[signature]*
                                                    Wm. Terrell Hodges
                                                    Chairman

**EXHIBIT B**

Exhibit A

```
                                                                1

 1                 UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA
 2                    NEW ORLEANS, LOUISIANA

 3

 4

 5
     IN RE:  VIOXX PRODUCTS        *   Docket MDL 1657-L
 6           LIABILITY LITIGATION  *
                                   *   June 23, 2005
 7                                 *
                                   *   9:30 a.m.
 8   * * * * * * * * * * * * * * * *

 9

10
                      STATUS CONFERENCE BEFORE THE
11                      HONORABLE ELDON E. FALLON
                       UNITED STATES DISTRICT JUDGE
12

13   APPEARANCES:

14
     For the Plaintiffs:           Seeger Weiss
15                                 BY:  CHRISTOPHER A. SEEGER, ESQ.
                                   One William Street
16                                 New York, New York 10004

17
     For the Defendants:           Stone Pigman Walther Wittmann
18                                 BY:  PHILLIP A. WITTMANN, ESQ.
                                   546 Carondelet Street
19                                 New Orleans, Louisiana 70130

20
     Official Court Reporter:      Toni Doyle Tusa, CCR
21                                 500 Poydras Street, Room B-406
                                   New Orleans, Louisiana 70130
22                                 (504) 589-7778

23

24
     Proceedings recorded by mechanical stenography, transcript
25   produced by computer.
```

EXHIBIT A

Exhibit B

```
                                                                    21

 1   with this issue in that fashion   We have a confidentiality
 2   agreement which will allow the defendants comfort to produce
 3   certain information without fear that their future economic
 4   security is in jeopardy.  The remand issues.
 5           MR. SEEGER:  Judge, that's in the report.  You are
 6   going to be dealing with remand motions as a group by
 7   procedures that you will be setting up.
 8           THE COURT:  Right.  This is always an issue which the
 9   MDL Court has to look at.  The question is posed   There are
10   various issues of remand in various cases throughout the
11   country   Again, a significant advantage of the MDL concept is
12   some consistency.  The Rule of Law is really based on
13   consistency.  If different decisions are made by numerous
14   judges, then you have no consistency and no predictability and
15   no one knows exactly what to do or how to do it.  It's easier
16   if one court decides some of these matters than if 50 or 100
17   courts decide the matter.
18           I'm conscious of dealing with the remand as
19   quickly as possible, but I do want to get them all together,
20   look at them, see if I can group them in some way, and then
21   direct my attention on each particular group and deal with that
22   issue in a consistent and fair fashion for that group.  I will
23   be dealing with them as quickly as I can, but also with an idea
24   of having more consistency.  I'll be speaking about this
25   perhaps later on because I do have some concepts and ideas
```

Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MARGUERITE WOODS,** | ) |
| **Plaintiffs,** | ) ) ) |
| v. | ) CIVIL ACTION NO. 05-0425-CG-M |
| **MERCK & CO., INC., et al.,** | ) ) ) |
| **Defendants.** | ) |

### ORDER

This matter is before the court on motion of defendant, Merck & Co., Inc. ("Merck"), to stay to allow transfer to the MDL (Doc. 3), plaintiff's response (Doc. 15), and plaintiff's motion to remand and for expedited hearing (Doc. 14). For reasons discussed below, the court finds that a stay is appropriate.

Merck removed this case to this court claiming diversity jurisdiction in that the resident defendants were fraudulently joined. Plaintiff contends that Merck has not demonstrated that plaintiff has failed to establish a colorable claim against the resident defendants. As a result, plaintiff asserts that the action should be remanded. Plaintiff cites similar cases in this district as well as other districts in Alabama which have concluded that remand was appropriate. However, the court notes that this court has also found it appropriate to stay such actions in the past. For instance, this court stayed the proceedings in Faith Beverly et al. v. Wyeth, et al., 03-cv-0866-CB-C (S.D. Ala.) stating the following:

> A district has the authority to stay proceedings in cases pending before it. Landis v. North American Co., 299 U.S. 248 (1936); CTI-Container Leasing Corp. v. Uiterwyk, 685 F.2d 1284 (11th Cir. 1982). "[T]he power to stay proceedings is



incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis, 299 U.S. at 166. This authority extends to cases in which a transfer decision by the MDL Panel is pending. [Footnote: The existence of a conditional transfer order does not divest the transferor court of jurisdiction, 18 U.S.C. § 1407; JPML Rule 1.5.] See, e.g., Hertz Corp. v. The Gator Corp., 250 F.Supp.2d 421, 424 (D.N.J. 2003). The existence of jurisdictional objections do not affect either the transferor court's ability to issue a stay or the MDL Panel's authority to transfer an action. Moore v. Wyeth-Ayerst Laboratories, 236 F.Supp.2d 509, 512 (D. Md. 2002).

A stay of proceedings in potential MDL cases is appropriate when it promotes judicial economy and efficiency. Rivers v. Walt Disney Co., 908 F.Supp. 1358, 1360 (C.D. Cal. 1997). When jurisdictional issues are raised that may arise "in hundreds or even thousands of cases throughout the nation . . . consistency as well as economy [are] . . . served" by having those issues decided by a single court. In re Ivy, 901 F.2d 7, 9 (2nd Cir. 1990); accord In re Air Crash Disaster at Florida Everglades, 368 F.Supp. 812 (J.P.M.L. 1973). Consequently, a stay is proper where the motion to remand raises issues that have been or are likely to be decided by the transferee court. See, e.g., Gonzalez v. American Home Products Corp., 223 F.Supp 2d 803 (S.D. Tex. 2002) (granting motion to stay despite pending motion to remand because dispositive issue was probably common to other related MDL cases); Moore, 236 F.Supp.2d at 510-11 (granting motion to stay where transferee court had already decided similar motions to remand); Medical Society of State of New York v. Connecticut General Corp., 187 F.Supp.2d 89 (S.D.N.Y. 2001) (same); but see Shields v. Bridgestone/Firestone, Inc., 232 F.Supp.2d 715 (E.D. Tex. 2002) (denying motion to stay and deciding motion to remand in case pending MDL transfer); Good v. Prudential Ins. Co. of America, 5 F.Supp.2d 804 (N.D. Cal. 1998) (same).

The jurisdictional issue in this case is whether the individual defendants, who are current or former sales representatives for Wyeth, were fraudulently joined to defeat federal subject matter jurisdiction. Motions to remand involving fraudulent joinder have been addressed numerous times by the transferee court. See, e.g., In re Diet Drugs Liability Litigation, ___ F.Supp.2d ___, 2003 WL 22931359 (E.D. Pa. July 30, 2003); id., 2003 WL 21973329 (E.D. Pa. June 12, 2003) (applying Alabama law to case removed from Alabama state court); id. 220 F.Supp.2d 414 (E.D. Pa. 2002); id. 2000 WL 1886594 (E.D. Pa. Dec. 7, 2000); id. 2000 WL 217509 (E.D. Pa. Feb. 15, 2000); id. 1999 WL 554584 (E.D. Pa. July 16, 1999) (applying Alabama law to case removed from Alabama state court); id. 1999 WL 554608 (E.D. Pa. June 29, 1999); id. 1198 WL 254967 (E.D. Pa. Apr. 16, 1998). In fact, one of the transferee court's orders denying remand addressed the alleged fraudulent joinder of a pharmaceutical sales representative in a case removed from Alabama state court. In re Diet Drugs Liability Litigation, 2003 W. 21973329 (E.D. Pa June 12, 2003).

Exhibit C

> In the interest of judicial economy and to avoid inconsistent results, the motion to stay is hereby GRANTED. This stay will remain in effect until the Court is notified of the MDL Panel's decision as to whether to transfer this action.

Id. at Doc. 12, Order dated February 13, 2004. The undersigned judge agrees with the reasoning of the above quoted order and finds the analysis applicable to the instant case. Thus, the court finds it appropriate to stay this case.

### CONCLUSION

For the above stated reasons, defendant's motion to stay (Doc. 3) is **GRANTED** and this case is hereby **STAYED**. This stay will remain in effect until the court is notified of the MDL Panel's decision as to whether to transfer this action.

**DONE and ORDERED** this 17th day of August, 2005.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE

Exhibit C

```
               UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF MISSOURI
                      EASTERN DIVISION


DANIEL O'GORMAN,                    )
THERESIA O'NEAL,                    )
NOLA OVERBY-EISENBERG,              )
BEN PRIMUS,                         )
LAUREN PARK,                        )
CLIFFORD PHILLIPS,                  )
GARY MARTIN,                        )
DONALD McMULLOUGH, and              )
LYNETTA McCLYMOND,                  )
                                    )
            Plaintiffs,             )
                                    )
      v.                            )   No. 4:05 CV 153 DDN
                                    )
MERCK & CO., INC.,                  )
AMY SEPKO,                          )
SHERRY ALBERTS,                     )
JOHN AND/OR JANE DOES 1-100,        )
                                    )
            Defendants..            )
```

**MEMORANDUM AND ORDER STAYING ACTION**

On February 16, 2005, the Judicial Panel on Multidistrict Litigation in *In re Vioxx Products Liability Litigation*, Docket No. 1657, issued its Transfer Order, upon the motion of Merck & Co., Inc. (Merck), that 148 actions, some of which are pending before this court, be transferred to the Eastern District of Louisiana for pretrial proceedings. In that Transfer Order the Panel acknowledged that there are approximately 300 potentially related actions pending in many districts. The Panel stated that these actions will be treated as potential tag-along actions. A review of the allegations in this action indicates that the above-styled action is a tag-along action, likely to be transferred as part of the *Vioxx Liability Litigation*.

Regarding pending matters, the Panel stated that the pendency of a motion to remand is not a sufficient basis to avoid inclusion in the transfer; such motions "can be presented to and decided by the transferee judge." *See In Re Vioxx Products Liability Litigation,* No. 1657, at 2 (MDL February 16, 2005).

Currently pending in this action are (1) the motion of Merck to sever plaintiffs (Doc. 7); (2) the motion of Merck to stay all

**Exhibit D**

proceedings (Doc. 11); (3) the motion of the plaintiffs to remand (Doc. 14); and (4) the Consent Motion for Extension of Time (Doc. 16).

Although this action was not specifically included in Schedule A of the Transfer Order, this action is a potential tag-along action subject to the authority of the Judicial Panel on Multidistrict Litigation and subject to consolidation and transfer. *See* Rules 7.4 and 7.5, R.P.J.P.M.L. (2001). Therefore, the pending motions to remand and to sever plaintiffs must be deferred to the transferee court for ruling after transfer. The motion to stay will be sustained.

Therefore,

**IT IS HEREBY ORDERED** that the Consent Motion for Extension of Time (Doc. 16) is sustained, in that defendant Merck shall file its Opposition to plaintiffs' motion to remand not later than March 22, 2005;

**IT IS FURTHER ORDERED** that the motion for remand (Doc. 14) and to sever plaintiffs (Doc. 7) are deferred to the transferee court following transfer; and

**IT IS FURTHER ORDERED** that the motion of defendant Merck to stay all other proceedings (Doc. 11), pending transfer to the transferee court, is sustained.

／s／ David D. Noce

**DAVID D. NOCE**
**UNITED STATES MAGISTRATE JUDGE**

Signed this day, February 22, 2005.

Exhibit D

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **DONNA HARRELL and MACK HARRELL,** | * | |
| | * | |
| PLAINTIFFS, | * | |
| | * | |
| v. | * | CASE NO.   CV-06-849 |
| | * | |
| MERCK & CO., INC., a foreign Corporation; | * | Removed from Circuit Court |
| ANNE BRANDON Individual; MARK M. | * | of Houston County, AL |
| SANDERS, an Individual; TONYA M. | * | CV 06-502H |
| LOCKLIN, an Individual; JOE D. READ, an | * | |
| Individual; THEODORE R. BOWSER, II, an | * | |
| Individual; ERIC RALPH PAYNE, an | * | |
| Individual; and fictitious defendants A, B, | * | |
| C & D, being those persons, firms or | * | |
| corporations whose fraud, scheme to | * | |
| defraud, and/or other wrongful conduct | * | |
| caused or contributed to the Plaintiff's | * | |
| injuries and damages, and whose true | * | |
| names and identities are presently | * | |
| unknown To Plaintiff, but will be | * | |
| substituted by Amendment when | * | |
| ascertained. | * | |
| | * | |
| DEFENDANTS. | * | |

## BRIEF IN SUPPORT OF MOTION TO STAY

Comes now Defendant Merck & Co., Inc. ("Merck"), by its undersigned counsel, and respectfully submits this Brief in Support of Its Motion to Stay. Defendant Merck submits this Brief to address issues raised in plaintiffs' opposition to its Motion to Stay.

### ARGUMENT

Plaintiffs' chief argument in their opposition brief – that a stay is inappropriate because they have moved for remand – has been rejected over and over by federal

1

district courts presiding over Vioxx litigation. In numerous decisions, including many in this District, these courts have recognized that the best way to ensure that MDL proceedings can achieve their statutory goal of efficient, coordinated proceedings is by staying all pre-trial activity pending MDL transfer, regardless of whether a remand motion is pending. This is especially true where, as here, plaintiffs' remand motion overlaps with others that are already pending before the MDL court. Because the statutory objectives of the MDL process are best served by staying all proceedings pending MDL transfer, Merck's motion to stay should be granted.

In creating MDL-1657, the Judicial Panel on Multidistrict Litigation ("JPML" or the "Panel") specifically recognized that "[t]he pendency of a motion to remand to state court is not a sufficient basis to avoid inclusion in Section 1407 proceedings. We note that motions to remand . . . in any other MDL-1657 actions can be presented to and decided by the transferee judge." *In re VIOXX Prods. Liab. Litig.*, 360 F. Supp. 2d 1352, 1354 (J.P.M.L. 2005) (emphasis added). Numerous federal courts around the country have cited this language in granting Merck's motions for stay; indeed, **more than 1,700 Vioxx-related cases have been stayed, including nearly 250 with pending remand motions**. Many of these stays with motions to remand pending have been issued by judges in this state. See, e.g., *T. Rawdon Beaty v. Merck & Company, Inc.,* (M.D. Ala. N.D., 2:05-cv-830W); *Margaret Hadley v. Merck & Company, Inc. (*S.D. Ala. S.D., 1:05-cv-00470-BH-C); *Yolanda King v. Merck & Company, Inc., (*M.D. Ala. N.D., 2:05-cv-165-T); *Joe Sistrunk v. Merck & Company, Inc. (*M.D. Ala. E.D., 3:05-cv-255-A); *Marguerite Wood v. Merck & Company, Inc.,* (S.D. Ala. N.D., 2:05-cv-00425-CG-M); and *Carolyn Younge v. Merck & Company, Inc.,* (S.D. Ala. S.D., 03-cv-00125-M). These rulings are

consistent with the vast weight of legal authority, because "[t]he general rule is for federal courts to defer ruling on pending motions to remand in MDL litigation until after the JPMDL has transferred the case to the MDL [court]." *Jackson v. Johnson & Johnson, Inc.,* No. 01-2113, 2001 WL 34048067, at *6 (W.D. Tenn. Apr. 3, 2001). This court should do the same.

Both the JPML and Judge Eldon Fallon, who is presiding over the Vioxx MDL, have stated their view that overlapping remand motions are best decided in the MDL proceeding, not in a piecemeal fashion by transferor courts. As the JPML has recognized, the objectives of the MDL process – namely, judicial economy and the avoidance of inconsistent pretrial rulings – are best served by deferring consideration of pending remand motions when they present similar issues as others in the same MDL proceeding. For that reason, the Panel encourages transferor courts *not to rule on pending remand motions* where, as here, the issues presented are likely to be duplicated in other cases bound for the MDL. *See* Letter dated Mar. 21, 2005 from JPML to Hon. Ricardo H. Hinojosa ("wait[ing] until the Panel has decided the transfer issue . . . may be especially appropriate if the [remand] motion raises questions likely to arise in other actions in the transferee court and, in the interest of uniformity, might best be decided there if the Panel orders centralization") (Attached as Ex. A). In fact, Judge Fallon has stated his preference that he be allowed to rule on pending remand motions because of the need to treat like motions consistently. Judge Fallon stated:

> There are various issues of remand in various cases throughout the country. Again, a significant advantage of the MDL concept is some consistency. The rule of law is really based on consistency. If different decisions are made by numerous judges, then you have no consistency and no predictability and no one knows exactly what to do or how to do it.

3

> It's easier if one court decides some of these matters than if 50 or 100 courts decide the matter.

Transcript at 21, *In re VIOXX Prods. Liab. Litig.* Status Conference (June 23, 2005) (attached as Ex. B).

The goal of consistency makes a stay in this case particularly appropriate. It is clear that plaintiff's allegations about Vioxx and Merck's conduct in marketing it arise time and time again in cases already before Judge Fallon. Moreover, the question raised by plaintiff's remand motion – whether naming a non-diverse Merck sales representative can defeat diversity jurisdiction – is the same question raised by scores of other cases that have been transferred to the MDL proceeding for coordinated treatment. This includes cases originating in Alabama. *See, e.g., Beaty; Woods v. Merck & Co., Inc.*, No. 05-0425-CG-M, slip op. at 2-3 (S.D. Ala. S.D. Aug. 17, 2005) (staying case because involving fraudulent joinder of sales representatives because of need for consistent rulings, and efficiency) (Attached as Exh. C). These transferor courts have recognized that having the MDL court decide the overlapping jurisdictional issues raised by these cases will ensure that the various actions from Alabama, as well as around the country, are treated in a uniform manner and that this Court does not enter a ruling that might ultimately be inconsistent with that of the MDL court on like motions. *See In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990) (where "[t]he jurisdictional issue in question is easily capable of arising in [more than one court] . . . [c]onsistency as well as economy is . . . served [by transferring and consolidating cases as to which remand motions are pending]"); *Bd. of Trs. Of the Teachers' Ret. Sys. Of Ill. v. WorldCom, Inc.*, 244 F. Supp. 2d 900, 905 (N.D. Ill. 2002) ("The question, then, is whether other courts are facing or are likely to face similar jurisdictional issues in cases that have been or

may be transferred to a multidistrict proceeding"); *Benjamin v. Bayer Corp.*, No. 02-0886, 2002 U.S. Dist. LEXIS 9157, at *5 (E.D. La. May 16, 2002) ("[B]ecause the issues involved in this remand are likely to be common to other transferred cases, the policies of efficiency and consistency of pre-trial rulings are furthered by a stay of the proceedings"); *Weinke v. Microsoft Corp.*, 84 F. Supp. 2d 989, 989-90 (E.D. Wis. 2000) (deferring consideration of motion to remand pending JPML transfer involving disputes over amounts in controversy). Merck respectfully urges that the Court should follow the course taken by courts around the country (including in this District) in nearly 250 Vioxx-related cases and defer consideration of plaintiffs' remand motion pending MDL transfer.

Nor do plaintiffs' various arguments warrant denying the motion to stay. Plaintiff first argues that Eleventh Circuit law requires that this court rule on their Motion to Remand prior to addressing the stay motion. Plaintiff cites for this proposition the case of *University of South Alabama v. The American Tobacco Company*, 168 F.3d 405 (11th Cir. 1999). That case is inapposite for a number of reasons. First, in that case, a motion to stay was not pending, nor was it a case to be transferred to an MDL proceeding. Second, there was no mechanism for the Motion to Remand to be heard in another forum, such as the MDL court here. Third, in that case, the district court (the only forum that could consider the Motion to Remand) had ruled on a substantive issue before dealing with the Motion to Remand. As the Eleventh Circuit stated:

> "Because the District Court plainly lacked subject matter jurisdiction to entertain this case, we hold that it improvidently reached a complex question of substantive state law – whether the attorney general had the power to manage and control complex litigation commenced by the University."

5

168 F. 3rd at 408.  The situation in *University of South Alabama* is far different from the present case.  Plaintiff essentially ignores that district courts have the power to stay proceedings in order "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. North American Co.*, 299 U.S. 248, 254 (1936).  Indeed, that power remains intact even where there is a pending motion challenging jurisdiction.  *See Meyers v. Bayer AG*, 143 F. Supp. 2d 1044, 1047 (E.D. Wis. 2001) (rejecting notion that pending remand motion must be resolved before considering motion to stay).  This is so because considering and granting a stay "is not adjudicating the merits of a case. . . . [Courts are not obligated to] resolv[e] jurisdictional matters before considering whether to grant a stay motion."  *Id.*  Thus, the posture of this case is entirely different than *University of South Alabama*, and there is no dispute that this Court has the discretion to stay all proceedings here.

The issue in this case is not whether plaintiffs' Motion to Remand will be dealt with, but which forum will do so.  For many reasons that have been set out in prior briefs and pleadings, including uniformity of rulings, judicial economy, and many others, the MDL court is the proper forum to deal with plaintiffs Motion to Remand, along with numerous similar motions to remand filed in other Vioxx cases.  Merck does not seek to avoid a ruling on plaintiffs' motion to remand.  Merck simply argues that the proper court to decide such a motion is the MDL court.  *See, e.g.*, *O'Gorman v. Merck & Co., Inc.*, No. 4:05-cv-00153, slip op. at 1-2 (E.D. Mo. Feb. 22, 2005) ("Regarding pending matters, the Panel stated that the pendency of a motion to remand is not a sufficient basis to avoid inclusion in the transfer; such motions 'can be presented to and decided

6

by the transferee judge. . . .' Therefore, the pending motions to remand . . . must be deferred to the transferee court for ruling after transfer. The motion to stay will be sustained.") (Attached as Exh. D).

Under the section heading of what Eleventh Circuit law requires, plaintiff discusses in detail district court cases from Kansas, West Virginia, and California. None of these cases reflect Eleventh Circuit law and none of them are authoritative for the issue before this court. Merck has cited numerous cases, in its Motion to Stay where a stay was granted pending transfer to an MDL court, even though a Motion to Remand was pending. These stays, and eventual transfers, were appropriate, again, based on interests of uniformity, judicial economy and other considerations.

The other basis of opposition stated by plaintiff in his brief is the assertion that MDL courts routinely prefer that district courts reject motions to stay and resolve motions to remand themselves. Plaintiff quotes from a small excerpt from a transcript in MDL 1203, *In re: Diet Drugs Product Liability Litigation* for this proposition. Such is not the position of most MDL courts and, in fact, Judge Fallon, the judge in this MDL proceeding, has stated his preference that for the sake of consistency and predictability the MDL court should decide the remand motions. As noted above, there are numerous cases pending before Judge Fallon with the exact same issue as this case – that is, where local sales representatives have been joined as defendants. The transferor courts that sent those cases, including all of the districts in Alabama, have obviously recognized this need for uniformity and predictability.

7

## CONCLUSION

For all of the foregoing reasons, the Court should stay this proceeding, including any consideration of plaintiffs remand motion, pending a transfer decision by the JPML.

s/ Alan T. Hargrove, Jr.
Alan T. Hargrove, Jr.
 Bar Number: (ASB-7018-H46A)
Mike Brock
 Bar Number: (ASB-5280-B61R)
F. Chadwick Morriss
 Bar Number: (ASB-8504-S75F)


RUSHTON, STAKELY, JOHNSTON
& GARRETT, P.A.
Post Office box 270
Montgomery, Alabama 36101-0270
Telephone: 334/206-3100
Fax: 334/262-6277
E-mail:  ath@rsjg.com
   rcb@rsjg.com
   fcm@rsjg.com


Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed and served through CMECF a copy of the foregoing upon:

 Andy D. Birchfield, Jr., Esquire
 J. Paul Sizemore, Esquire
 Benjamin L. Lockler, Esquire
 BEASLEY, ALLEN, CROW,
 METHVIN, PORTIS & MILES, P. C.
 Montgomery, Alabama 36103-4160

on this the 10th day of October, 2006.

                                                    **/s/ Alan T. Hargrove, Jr.**
                                                    OF COUNSEL